## UNITED STATES v. WAECHTER et al.

No. 13153.

United States Court of Appeals
Ninth Circuit.

April 28, 1952.

Ellis N. Slack, Acting Asst. Atty. Gen., Melva M. Graney, Sp. Asst. to Atty. Gen., C. Moxley Featherston, Sp. Asst. Atty. Gen., J. Charles Dennis, U. S. Atty., Seattle, Wash., for appellant.

Eggerman, Rosling & Williams and Joseph J. Lanza, all of Seattle, Wash., for appellees.

Before HEALY, BONE and POPE, Circuit Judges.

HEALY, Circuit Judge.

The United States appeals from a judgment awarding a refund of a portion of the estate tax paid by appellees as executors of the estate of one May Waechter.

Mrs. Waechter, a resident of the state of Washington, died February 20, 1947, leaving her husband surviving. During her lifetime the husband had taken out three policies of insurance on his own life, in all of which his wife was named as beneficiary with certain contingent beneficiaries in the event she was not living at the time of insured's death. These policies were in effect when the wife died.

It was stipulated that the premiums thereon had been paid with community funds. Under the law of the state of Washington, the premiums on the policies having been paid from community funds, the policies constituted community property of decedent and the husband. In the estate tax return the executors included as part of the gross estate one-half the cash surrender value of the policies.[1] Later they claimed a refund of the amount paid on account of the surrender value, and upon rejection of the claim they brought this suit.

The theory on which the government defended below appears to have been simply

1. The policies had not in fact been surrendered nor had any payments been received on account of their cash surrender value.

that the cash surrender value of the policies was community property, hence the wife's interest was subject to her power of testamentary disposition under Remington's Revised Statutes of Washington, § 1342. The trial court was of the opinion that no part of the cash surrender value was includable in view of the holding in In re Knight's Estate, 31 Wash.2d 813, 199 P.2d 89, decided in 1949. The Washington court there decided that in the case of policies payable on the death of an insured, nothing whatever becomes payable on the death of a beneficiary prior to the insured's death, and thus no interest in the policies or in the cash surrender value thereof passes to the heirs of the deceased beneficiary.

On its appeal the government does not contend that the law of the state is otherwise than has been declared in the Knight's Estate decision. However, it seeks a reversal on a theory apparently not urged below. Its reliance here is placed on Section 811(e)(2) of the Internal Revenue Code, 26 U.S.C.A. § 811(e)(2), which required the inclusion in the gross estate of all property

"To the extent of the interest therein held as community property by the decedent and surviving spouse under the law of any State * * * except such part thereof as may be shown to have been received as compensation for personal services actually rendered by the surviving spouse or derived originally from such compensation or from separate property of the surviving spouse. In no case shall such interest included in the gross estate of the decedent be less than the value of such part of the community property as was subject to the decedent's power of testamentary disposition." [2]

It will be observed that the exceptive clause of this section would here exclude from taxation any community interest in a life insurance policy to the extent that the premiums thereon had been paid out of the personal earnings of the insured spouse. The government says that, in the absence of evidence in the record, it is to be presumed that the premiums were not paid out of the personal earnings of the husband. Appellees counter by saying that no such theory was advanced by the government below and that if it had been they could have shown that in fact the case falls within the exceptive clause of the section invoked.

 We agree that the government, whatever may be the strength of its present argument, cannot fairly urge as a ground for reversal a theory which it did not present while the case was before the trial court.

The judgment is accordingly affirmed.

2. The quoted section has been repealed, but it applied to all persons dying prior to December 31, 1947.