**Walter Mark FLANAGAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18067.**

United States Court of Appeals
Fifth Circuit.

April 28, 1960.

Rehearing Denied July 21, 1960.

**110**

George E. Cochran, Fort Worth, Tex., for appellant.

William L. Hughes, Jr., Asst. U. S. Atty., Fort Worth, Tex., W. B. West, III, U. S. Atty., Fort Worth, Tex., for appellee.

Before RIVES, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

Appellant Flanagan was convicted under Count One of an indictment charging him with violating § 2421, Title 18 U.S.C.A. by causing one Pauline Chancellor to be transported from the State of Texas into the State of Arkansas in order that she might engage in the practice of prostitution. He appeals from the judgment based upon the jury's verdict, claiming that the verdict was not supported by the evidence, that appellant was not permitted to cross examine his former wife who testified against him as to her own immoral conduct for the purpose of attacking her veracity, and that his exception to the remarks of the court below concerning the congressional intent in passing the law under which appellant was prosecuted should have been sustained. We do not find reversible error in any of the assigned grounds.

Evidence was introduced from which the jury was warranted in finding: that appellant called said Pauline Chancellor over the telephone, telling her to go from Dallas, Texas to Hot Springs, Arkansas, and to a certain hotel in that city, stating that a girl named Christine would call for her that afternoon; that Christine drove from Fort Worth to Dallas and picked said Pauline up and the two went to the hotel in Hot Springs and engaged in prostitution; that two or more telephone conversations passed be-

tween appellant in Fort Worth, Texas and said Pauline in Hot Springs, during which time appellant inquired of Pauline about her activities in connection with prostitution; that appellant came to Hot Springs and spent one night with Pauline in said hotel and that Pauline paid appellant between $350.00 and $400.00, which she and Christine had taken in while engaging in prostitution, and that appellant drove said Pauline back with him to Fort Worth. The case against appellant depends largely upon the testimony of Pauline, which was sharply contradicted by that of Christine. The manager and house detective of the hotel, in addition to appellant's former wife, gave testimony tending to support that given by Pauline. The jury had the right to accept this testimony and its verdict was adequately supported by it.

The other specifications of error are hardly worthy of discussion. Appellant's counsel was permitted to follow through his examination of appellant's ex-wife, most of which was offered to prove that she, too, had been guilty of immoral conduct. That fact did not require rejection of her testimony by the jury.

The court properly sustained the Government's objections to appellant's repetitious questions of the main prosecuting witness. She readily admitted that she was a prostitute. In ruling on the objection, the court commented that the purpose of Congress in passing the statute was to protect society rather than the so-called victims. The exception taken by appellant's attorney was in very general terms and no ruling by the court was demanded and no motion for mistrial was made. Moreover, when the court repeated practically the same language in its charge to the jury, no objection was made to it. If the court's statement was error, it was harmless and will be disregarded. Rule 52(a), Federal Rules of Criminal Procedure, 18 U.S.C.A.

The judgment appealed from is

Affirmed.