Musey v. United States, 5 Cir., 1930, 37 F.2d 673. But an erroneous parenthetical reference to the sections of the law under which the indictment was found is a defect which is cured by verdict if the language of the indictment charges an offense. Wessels v. United States, 5 Cir., 1920, 262 F. 389, certiorari denied 253 U.S. 485, 40 S.Ct. 481, 64 L.Ed. 1025. Although any defects in the indictment here were cured by the verdict, the appellant is also precluded from relief because habeas corpus can not be invoked for relief against defective indictments unless it clearly appears that, under no circumstances, could a valid conviction result from facts provable under the indictment. 25 Am.Jur. 172, Habeas Corpus § 40.

The district court denied the petition. Its judgment is

Affirmed.

Albert A. Roberts, East Point, Ga., for appellant.

Charles D. Read, Jr., U. S. Atty., E. Ralph Ivey, Asst. U. S. Atty., J. Robert Sparks, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before JONES, Circuit Judge, and HOOPER and JOHNSON, District Judges.

PER CURIAM.

The appellant and two others were convicted of Mann Act, 18 U.S.C.A. § 2421, violations. The sole ground of the appeal is that the evidence was insufficient to sustain the verdict of guilty. The sordid story requires no retelling. The evidence justified the guilty verdict and the judgment thereon. Cf. Flanagan v. United States, 5 Cir., 1960, 277 F.2d 109. The judgment of the district court is

Affirmed.

**Robert Dean DAILEY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18308.**

United States Court of Appeals
Fifth Circuit.

Oct. 21, 1960.

**Andrew Clifford PARK and John W.
Vandiver, Appellants,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18253.**

United States Court of Appeals
Fifth Circuit.

Oct. 21, 1960.

Rehearing Denied Nov. 18, 1960.

