James Austin LAKE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16680.

United States Court of Appeals
Eighth Circuit.

April 26, 1962.

Jerome Raskas, of Caruthers & Montrey, St. Louis, Mo., for appellant and filed brief.

John J. Connelly, Asst. U. S. Atty., St. Paul, Minn., made argument for appellee and Miles W. Lord, U. S. Atty., St. Paul, Minn., was with him on the brief.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of conviction on two counts of a four-count indictment, separately charging appellant in count 1 thereof with unlawfully transferring 4.3 grams of marihuana on September 17, 1959, not in pursuance of a written order for that purpose as provided in Section 4742, Title 26 U.S.C.A.; and, in count 2, without having paid the transfer tax in respect to that transaction as imposed under Section 4741, Title 26 U.S.C.A., in violation of Title 26 U.S.C.A. § 4744. Counts 3 and 4 of the indictment charged similar transactions and offenses by defendant in the transfer of nineteen (19) marihuana cigarettes on September 14, 1959. As to the latter-mentioned counts, the jury acquitted appellant of those charges.

The sufficiency of the evidence to sustain appellant's conviction on counts 1 and 2 infra is not challenged in this appeal. Hence a detailed statement of facts is not essential here. We have read the record of appellant's trial and are fully convinced that substantial evidence was adduced to sustain the verdicts of guilty as found by the Jury.

Appellant's assignments of error seeking reversal of his conviction and sentence are wholly procedural: (I) that the Court erred by instructing the Jury as to the demoralizing nature of marihuana and the Government's efforts to stamp out traffic therein by employment of officers who, in their efforts to do so, "are entitled to credit for their loyalty and integrity"; (II) that the trial court erred in receiving in evidence over the objection of appellant a photograph which displayed him in a furtive position; (III) that the Court erred in failing to declare a mistrial when Government counsel improperly commented on appellant's failure to testify; and (IV) appellant was denied a fair trial because of hostile and prejudiced conduct of the trial court toward him. From our examination of the record we can find no prejudicial error existing in respect to any of such assignments.

I. The trial court, in the course of its instruction, told the Jury:

"Marihuana is a vicious, demoralizing substance that robs a person of morality, honor, integrity, decency, and all the virtues that are the foundation of good character and good citizenship. The Government is constantly engaged in an effort to stamp out traffic in this and in narcotic drugs. Officers of the Government are employed in this effort usually and are entitled to credit for their loyalty and integrity."

At the trial counsel employed by defendant stated an objection to that portion of the Court's charge as follows: "The defendant also excepts to the instruction of what marihuana is and the effects that it has on an individual." No objection was lodged to that portion of the above statement as to the "loyalty and integrity" of officers of the Government and their effort to stamp out traffic in marihuana and narcotic drugs.

Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C.A., provides in part as follows:

" * * * No party may assign as error any portion of the charge or omission therefrom unless he objects thereto * * * stating distinctly the matter to which he objects *and the grounds of his objection.*" (Emphasis added.)

Under the foregoing rule, a trial court may not be held to have committed reversible error where an objection assigned to a part of its charge and the *grounds* therefor are not precisely and distinctly stated: Armstrong v. United States, 228 F.2d 764 (8 Cir. 1956); Northcraft v. United States, 271 F.2d 184 (8 Cir. 1959). It is obvious from the objection infra that appellant's counsel merely stated the subject to which he objected and wholly failed to state "the grounds of his objection." As to the "loyalty and integrity" portion of such charge, counsel failed to state any objection. Therefore, unless we can say "plain error" appears in respect to the above portion of the charge as given by the court below and that it affected the "substantial right" of appellant, his first assignment of error should not "be noticed." Rule 52, F.R.Cr.P., 18 U.S.C.A.

■■ We find no plain error exists to either part of such charge for these reasons. A trial court may comment in its charge to a jury concerning a fact or matter of common knowledge, or a fact of which judicial notice may be taken, and it is not error for it to do so, where the subject of such comment is applicable to the subject matter of the case before it. 88 C.J.S. Trial § 279; 53 Am.Jur., Trial, § 609; Cf. Flanagan v. United States, 277 F.2d 109 (5 Cir. 1960). The comment of the trial court infra as to the marihuana was of that character. It is further noteworthy that appellant's own counsel in his closing argument to the Jury stated:

"A criminal trial is not an easy trial, and when a criminal trial involves narcotics, it is even more *abhorrent* sometimes to some people. We realize that. The defendant realizes that. His defense counsel realizes that." (Emp. added.)

At a later time in his argument, defense counsel said: "Is this the kind of testimony that is sufficient to convict a person of such an *horrendous* crime as passing narcotics?"

Immediately following that part of the charge infra which appellant now claims was prejudicial, the trial court gave proper instructions to the jury as to the credibility of the witnesses, reasonable doubt and all other facets of the crime for which defendant was indicted and on trial. We find the charge as a whole was legally adequate and not prejudicial in any respect. Segal v. United States, 246 F.2d 814 (8 Cir. 1957). That the Jury was not prejudiced by any portion of the above statement as made by the Court in its charge appears manifest by the fact that appellant was acquitted of a similar charge of transferring marihuana on another date under counts 3 and 4 supra. Testimony concerning that transfer was given by the same Government officers who testified to the transfer of marihuana, for which appellant was convicted and sentenced.

II. When appellant was arrested and taken into custody by agents of the Bureau of Narcotics, a "free-lance" photographer happened to be present. He took a photograph of appellant while seated in a police squad-car, covering up his face. The photographer was called as a rebuttal witness. When the photograph he took of appellant was offered in evidence defense counsel stated:

"Objection, Your Honor. I don't see anything that it rebuts, at all. It is immaterial, irrelevant and incompetent."

■■ In defense of the charge made against him, appellant adduced evidence to the effect that on the evening of September 17, 1959, when it was claimed that he transferred the 4.3 grams of marihuana to a special employee of the Government who was then working with regular agents of the Bureau of Narcotics, appellant was wearing a suit and a brown felt hat. Agents of the Bureau of Narcotics had previously testified at appellant's trial that when they observed appellant receive money from the special employee and thereafter defendant passed to such employee a white envelope which was later found to contain marihuana, appellant was wearing a brown jacket and a brown, peaked cap. The photograph in question was introduced by the Gov-

ernment to rebut testimony of appellant's wife that at the time in question the dress of appellant was different from that as testified to by such agents. In light of the form of the objection infra and the purpose for which the photograph was offered in rebuttal at appellant's trial, it is apparent that no error, prejudicial or otherwise, was committed by the court below. The judicial discretion of a trial court in allowing rebuttal testimony in a criminal trial will not be reviewed on appeal in the absence of gross abuse. Crawford Goldsby, alias "Cherokee Bill," v. United States, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343. We find no such abuse in the case at bar.

■ III. Appellant's claim that the District Court erred in failing to declare a mistrial because Government counsel improperly commented on appellant's failure to testify, is wholly without merit. What counsel for the Government said was:

"The only evidence that was presented by the defense that in any way contradicted what happened on this evening is the testimony of Mrs. Lake * * * that the defendant was dressed as he is now, and that he didn't own a brown jacket."

Later on, he said:

"There is no evidence by the defense, with one tiny exception, Mrs. Lake's testimony about what her husband was wearing. There is no other evidence to show that these people are lying * * *."

Tingle v. United States, 38 F.2d 573 (8 Cir. 1930), and DeMayo v. United States, 32 F.2d 472 (8 Cir. 1929), relied on by appellant to sustain his claim of prejudicial error in respect to the foregoing, are not authorities for holding the above statements made by Government counsel in his arguments to the Jury as prejudicially erroneous, compelling the District Court to have declared a mistrial of this case. Error in the argument of Government's counsel held to be prejudicial in the above-cited authorities was of a character substantially different in content from the remarks made by Government counsel in the case at bar. The true test to be applied where error is assigned on the basis of Government counsel's comment to a jury respecting uncontradicted evidence given in a criminal case, is stated by this Court in Morrison v. United States, 6 F.2d 809, 811 (8 Cir. 1925); Baker v. United States, 115 F.2d 533 (8 Cir. 1940), cert. den. 312 U.S. 692, 61 S. Ct. 711, 85 L.Ed. 1128; Banks v. United States, 204 F.2d 666 (8 Cir. 1953); Hunt v. United States, 231 F.2d 784 (8 Cir. 1956). While a comment that the prosecuting evidence is uncontradicted might be construed to be a comment upon the failure of the defendant to take the stand and testify in a fact situation where the only available source of contradictory evidence is the defendant's testimony, the evidence in the case at bar revealed that after money was passed to the appellant on a public street he then went into a tavern across the street and thereafter went to a house in the neighborhood before returning to the corner on the public street where the transfer of marihuana was effected. The inference from the facts shown in evidence is that "the testimony of defendant was not the only method (available to him) of contradicting the story told by the Government's witnesses, if untrue." Morrison v. United States, supra, l. c. 811. In light of the rulings made in the last-above-cited authorities the remarks of Government counsel at appellant's trial should not be held to constitute prejudicial error.

■ IV. Appellant's contention that he was denied a fair trial because of hostile and prejudicial conduct on the part of the trial court is not established by the record in the case at bar. The premise for such contention, as laid by appellant, is that in one instance the District Court allowed a witness for the Government to testify concerning a conversation of a hearsay nature. Such statement was attributed to another witness for the Government who testified to the same fact, without objection, at appellant's trial. Error, if any, of the trial court concerning that situation com-

plained of by appellant, would, at most, be harmless. Another example proffered by appellant which he says established the "Trial Judge's hostility toward" him, was that Government counsel was permitted to refresh a witness's memory by use of a previous signed statement of the witness regarding a fact as to which counsel for the Government claimed surprise. That such incident could not have been prejudicial to defendant in any sense is made manifest by the trial court record. It is therein demonstrated that the testimony ultimately elicited from the witness in question was corroborated in all respects by another Government witness. Under such circumstances, any error as claimed by appellant concerning that matter was harmless. Cf. Homan v. United States, 279 F.2d 767 (8 Cir. 1960). Other instances cited by appellant and claimed to be prejudicial to his fair trial relate to a number of rulings made by the trial court on various objections. The legal soundness of such rulings are not challenged by appellant. Legally, they could not be so challenged. No remark made by the trial court in regard to any such ruling can be said to demonstrate prejudicial conduct. Appellant does not undertake to demonstrate any prejudice thereby other than to refer to such rulings *en gross* in his brief, without further comment. A remark by the Court as to "sounds made in (the) courtroom" at the time one such ruling was made appears to have been addressed to all those present in the courtroom generally and not directed to counsel for appellant as claimed. Appellant has not demonstrated prejudicial error in respect to any of the foregoing matter. He has failed to sustain the burden cast upon him in that regard. (Myres v. United States, 174 F.2d 329 (8 Cir. 1949).)

The judgment appealed from is affirmed.

We express our appreciation to Mr. Jerome F. Raskas, of the St. Louis, Missouri, Bar, for his acceptance of appointment by this Court as Counsel for Appellant who was allowed to perfect this appeal *in forma pauperis*.