**UNITED STATES of America ex rel.**
**·Harold W. HUISINGA, Appellee,**

v.

**COMMANDING· OFFICER, ARMED**
**FORCES EXAMINING AND EN-**
**TRANCE STATION, MINNEAPOLIS,**
**MINNESOTA, et al., Appellants.**

No. 20443.

United States Court of Appeals,
Eighth Circuit.

June 28, 1971.

Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellants.

Kenneth E. Tilsen, St. Paul, Minn., for appellee.

Before MEHAFFY and HEANEY, Circuit Judges, and MEREDITH, District Judge.

HEANEY, Circuit Judge.

The United States appeals from a decision of the United States District Court for the District of Minnesota, granting a writ of habeas corpus to the plaintiff, Harold W. Huisinga. The writ directed the Commanding Officer of the Armed Forces Examining and Entrance Station in Minneapolis, Minnesota, to release Huisinga from the Armed Forces. Huisinga brought the writ contending that his order to report for induction was invalid because (1) the local draft board was required to reopen his I–A classification when he filed a post-induction notice claim, prima facie entitling him to conscientious objector status, (2) the action of the local board in considering his claim on the merits, while purporting to grant merely a courtesy interview, amounted to a reopening in fact, and (3) the local board, after reopening in fact, refused to grant Huisinga his rights of personal appearance and appeal, both attendant upon a reopening. We affirm the District Court.

On November 7, 1969, Huisinga, having been previously classified I–A by his Hancock County, Iowa, local board, was sent an order to report for induction into the Armed Forces on December 3, 1969. This notice was postponed prior to the scheduled date to permit transfer of the site of induction to Ramsey County, Minnesota. On December 4, Huisinga wrote to his local board requesting that he be sent Selective Service Forms 150 and 151 (Conscientious Objector and Volunteer for Civilian Work) stating, "After receipt of my induction notice I have become a conscientious objector." On December 16, Huisinga's induction was postponed by the local board "until such time as we can review your request for a I–A–O classification." Huisinga completed the appropriate forms

and returned them to his board on December 30, 1969.

On January 21, 1970, the local board advised Huisinga, by letter, that he might meet with them on January 26 to discuss his classification. The letter stated that the meeting would be "a courtesy interview and does not constitute a legal personal appearance." Huisinga attended the interview on January 26. On the following day, the local board wrote to Huisinga stating that it was "continuing your present classification pending review of your file at State Headquarters." On February 5, 1970, the board wrote to Huisinga that he should remain in his present I–A classification. The letter stated, "As you have tried many means to gain deferments and avoid being inducted, they feel that your request for I–A–O classification lacks sincerity." Huisinga wrote a letter to the draft board appealing the I–A classification and requesting that his file be forwarded to the Iowa State Appeal Board for review. The local board answered this request by informing Huisinga that he had been afforded all procedural rights and that he did not have any further appeal rights.

A second order for induction was issued on February 19, 1970. Huisinga appeared on the scheduled date, April 21, 1970, and was inducted into the Armed Forces. On that same day, he filed his petition for writ of habeas corpus. The writ was granted on April 29, 1970, following a brief hearing before the District Court.

The government argues on this appeal (1) that the late crystallization of a conscientious objector claim is not a changed circumstances over which the registrant has no control, and thus Huisinga's board was not required to reopen and consider anew his classification once a notice of induction had been sent, and (2) that the action of the local board did not amount to a *de facto* reopening.

 In our view, the government's actions in the court below preclude the raising of either of these issues in our Court. It is an elemental rule of appellate jurisdiction that a reviewing court will not ordinarily rule on issues not properly presented or raised in the trial court. *See, e. g.,* United States v. 3,788.16 Acres of Land, Emmons Co., N. D., 439 F.2d 291 (8th Cir. 1971); National Compressor Corporation v. Carrow, 417 F.2d 97 (8th Cir. 1969); Skogen v. Dow Chemical Company, 375 F.2d 692 (8th Cir. 1967); Ford v. Boeger, 362 F.2d 999 (8th Cir. 1966), cert. denied Grand v. Boeger, 386 U.S. 914, 87 S.Ct. 857, 17 L.Ed.2d 787 (1967). Similarly, an appealing party is precluded from altering the theory on which the case was tried in the lower court. See, e. g., Albrecht v. Herald Company, 367 F.2d 517 (8th Cir. 1966), rev'd on other grounds, 390 U.S. 145, 88 S.Ct. 869, 19 L.Ed.2d 998 (1968); In re Black Ranches, Inc., 362 F.2d 19 (8th Cir.), cert. denied, Black v. Brando, 385 U.S. 990, 87 S.Ct. 596, 17 L.Ed.2d 450 (1966). It is clear that these principles apply to the actions of representatives of the federal government. In Osborne v. United States, 351 F.2d 111 (8th Cir. 1965), the government attempted to obtain a rehearing in our Court on the basis that a fact stipulated in the record was inaccurate. Responding to this argument, Judge Van Oosterhout stated:

> "The function of this court is to decide cases upon the record made in the trial court. It is fundamental that issues not raised in the trial court cannot be raised upon appeal. This court cannot try cases de novo and consider evidence not presented to the trial court."

*Id.* at 120. See also, United States v. 3,788.16 Acres of Land, Emmons Co., N. D., *supra*; United States v. Waechter, 195 F.2d 963 (9th Cir. 1952); United States v. Star Const. Co., 186 F.2d 666 (10th Cir. 1951).

Though the record is scanty, it is clear that the government raised neither of the issues it now wishes to assert in the District Court. First, the record demonstrates that the government conceded in the District Court that a reopening had,

in fact, occurred. The trial judge stated:

"* * * Now, with regard to this matter the *Government,* after examining the Selective Service file at Hancock County, Iowa, the local board there, *has conceded that from the file it appears that there was,* within the meaning of the law and the case law, *a reopening at the time that this young man appeared there,* and that by actually and in fact reopening and calling it merely a courtesy hearing they foreclosed his right to appeal, and thus the subsequent orders are illegal; and based upon several cases * * * [citations omitted], *the Court has no alternative but to issue the writ * * *"* (Emphasis added.)

Second, there is no indication in the record that the government ever raised the issue which it indicated at oral argument to be the primary reason for this appeal, *i. e.,* whether the crystallization of a conscientious objector claim is a changed circumstance over which the registrant has no control. In fact, the record does not even hint that the government raised any issue in opposition to the issuance of the writ of habeas corpus. The Docket Sheet contains the following entry for the day of the hearing on the issuance of the writ:

"Entd. record of hearing on petition for writ of habeas corpus—*petition is not opposed by Government,* and Court grants petitioner's request for writ of habeas corpus & directs counsel to draw such writ." (Emphasis added.)

█ While we do not fully understand the government's reversal of positions in this case, we are convinced that its failure to raise either of the issues it now asserts, and its acquiescence in the issuance of the writ, require an affirmance of the District Court. We see no reason to reverse the lower court on the basis of issues not presented to it.[1] See generally, Skogen v. Dow Chemical Com-

pany, *supra;* Osborne v. United States, *supra.* The government had an opportunity to present its case. It is now foreclosed from raising additional issues.

The grant of the writ of habeas corpus is

Affirmed.

---

1. This statement is argumentative only. The Court expresses no opinion on the merits of the government's claims.