**UNITED STATES of America, Appellee,**

v.

**Daniel Joseph MERRIVAL, a/k/a Danny Merrival, Appellant.**

No. 79–1039.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1979.

Decided June 28, 1979.

Lawrence E. Long, Martin, S.D., for appellant.

Shelley M. Stump, Asst. U.S. Atty., Sioux Falls, S.D. (argued), for appellee; Robert D. Hiaring, U.S. Atty., Sioux Falls, S.D., on brief.

Before LAY, ROSS and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Appellant, Daniel Joseph Merrival, appeals from a judgment entered on a jury verdict finding him guilty of assault with intent to commit rape. For reversal he argues that the trial court erred (1) in failing to grant his motion for a mistrial following the prosecution's violation of the court's order limiting the testimony of Dr. Warren; (2) in limiting his attempt to elicit testimony regarding complainant's prior sexual conduct and reputation for chastity; (3) in refusing to give the cautionary instruction he requested; and (4) in failing to pronounce sentence upon appellant within the time required by 18 U.S.C. § 4205(c).

For the following reasons, we affirm the judgment of the trial court.[1]

We shall set forth the facts only as they are relevant to the issues presented. During the evening of November 25, 1977, Janice Janis, age sixteen, was allegedly raped by Danny Merrival and Danny Rodriquez. The incident occurred on the Pine Ridge Reservation. Around 9:00 p. m., Ms. Janis arrived at a party which was in progress at the home of Cheryl Merrival, sister of appellant. About 12:00 a. m., Ms. Janis left the party with the appellant, Mr. Rodriquez and two other male friends for the purpose of purchasing more beer. Unable to find any beer, the group eventually purchased some whiskey from a bootlegger. After leaving the bootlegger's, Ms. Janis was allegedly raped by appellant, then by Mr. Rodriquez and then again, twice, by appellant. According to Ms. Janis, appellant also forced her to engage in oral sex with him twice. All of the above occurred in the automobile in which the group was traveling. Ms. Janis eventually escaped by stating she needed to go to the bathroom and, once out of the car, hiding in the bushes. After the young men in the vehicle had searched unsuccessfully for her and departed, she walked to the Public Health Service Hospital, about one-half of a mile away. There she was examined by Dr. Warren who found acid phosphatase, a secretion from a male prostate gland, in Ms. Janis's vagina and mouth. Dr. Warren also took hair samples and pubic hair combings.

Appellant and Mr. Rodriquez were indicted for rape and tried jointly before a jury from June 24–28, 1978. The jury found both men guilty on the lesser included charge of assault with intent to rape. Following the sentencing of Mr. Rodriquez and himself, appellant alone appeals.

This court has jurisdiction pursuant to 18 U.S.C. § 1151 which confers exclusive jurisdiction on the federal courts for crimes committed in Indian country.

Appellant's first claim of error is that the trial court improperly denied his motion for mistrial after the prosecution violated the court's order limiting Dr. Warren's testimony. We cannot agree that the prosecution violated the court's order.

Prior to trial, the court granted appellant's motion requesting that Dr. Warren be prevented from testifying that Ms. Janis identified appellant and Mr. Rodriquez as her assailants when she was being examined at the Public Health Service Hospital immediately after her alleged rape. At trial the assistant U.S. Attorney asked Dr. Warren: "What I am getting at, Doctor, is did she describe in what manner she had been assaulted?" Dr. Warren replied: "Yes. She said she had been forced to have sexual intercourse with . . . ." At this point the defense interrupted with an objection and, in chambers immediately following, sought a mistrial.

Contrary to appellant's allegations, the prosecution did not seek to obtain Ms. Janis's hearsay statement by the above question. The question was designed to lay the foundation for the tests Dr. Warren performed, specifically, the search and discovery of acid phosphatase in Ms. Janis's mouth. Moreover, the doctor's answer was not prejudicial to the defense. Ms. Janis had already testified and identified her assailants and thus the doctor's additional testimony of who Ms. Janis identified was merely cumulative and not prejudicial. *United States v. Fountain*, 449 F.2d 629, 631–32 (8th Cir.), *cert. denied*, 405 U.S. 929, 92 S.Ct. 981, 30 L.Ed.2d 802 (1971); *Lake v. United States*, 302 F.2d 452, 455–56 (8th Cir. 1962).

The second error appellant complains of is the trial court's pretrial order prohibiting the defense from inquiring into Ms. Janis's past sexual conduct and reputation for chastity. As the trial court properly ruled and as we held in *United States v. Kasto*, 584 F.2d 268 (8th Cir. 1978), "absent circumstances which enhance its probative

---

1. The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

value, evidence of a rape victim's unchastity, whether in the form of testimony concerning her general reputation or direct or cross-examination testimony concerning specific acts with persons other than the defendant, is ordinarily insufficiently probative . . . to outweigh its highly prejudicial effect." *Id.* at 271–72.

Granted, on appeal appellant has alleged circumstances which enhance the probative value of inquiring into Ms. Janis's past sexual experiences, but appellant did not present this argument to the trial court. Appellant now claims that he should have been allowed to inquire as to whether Ms. Janis had had sexual intercourse with anyone within twenty-four hours of her examination by Dr. Warren so as to show there could have been a source other than appellant for the acid phosphatase. However, appellant did not make this argument to the trial court. In the extensive pretrial discussion on the court's limiting order, appellant never presented the above as his purpose for inquiring into Ms. Janis's past sexual experience; he did not request an *in camera* examination of Ms. Janis to ascertain if his theory was well-founded; and he never made an offer of proof to the trial court as to what she would testify to. Instead, at trial appellant merely indicated his desire to inquire into Ms. Janis's general reputation for unchastity, precisely the kind of demeaning, irrelevant inquiry disavowed in *Kasto.* Because appellant failed to present to the trial court any special circumstances warranting an exception to the mandate in *Kasto,* the trial court had no opportunity to rule on appellant's request and his argument must be deemed to have been waived. *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *United States v. Smith,* 552 F.2d 257, 261 n.5 (8th Cir. 1977), *citing United States ex rel. Huisinga v. Commanding Officer,* 446 F.2d 124, 125 (8th Cir. 1971).

■ The third error alleged by appellant is the trial court's refusal to give the following cautionary instruction requested by the appellant:

A charge such as that made against the defendants in this case is one which, generally speaking, is easily made and once made is difficult to disprove, even if the defendants are innocent. From the nature of a case such as this, the complaining witness may be the only witness testifying directly as to the alleged act constituting the crime. Therefore, the law requires that you examine the testimony of the prosecuting witness with caution and consider and weigh it in light of all the circumstances shown. In giving this instruction, the Court does not mean to imply an opinion as to the credibility of any witness or the weight to be given his or her testimony.

■ We do not believe the trial court committed error in refusing to give this instruction. The form of credibility instruction given is within the discretion of the trial court. *Clark v. United States,* 391 F.2d 57, 60 (8th Cir.), *cert. denied,* 393 U.S. 873, 89 S.Ct. 165, 21 L.Ed.2d 143 (1968) (and cases cited therein). And, as we have held, this instruction is particularly argumentative and should not be given when there is corroboration of the complaining witness's testimony. *United States v. Bear Ribs,* 562 F.2d 563, 565 (8th Cir.), *cert. denied,* 434 U.S. 974, 98 S.Ct. 531, 54 L.Ed.2d 465 (1977). *Cf. United States v. Henry,* 560 F.2d 963, 966 (9th Cir. 1977); *People v. Rincon-Pineda,* 14 Cal.3d 864, 123 Cal.Rptr. 119, 538 P.2d 247, 260 (banc 1975). Here there was extensive corroboration of Ms. Janis's testimony that she had been sexually assaulted: the acid phosphatase tests; the abrasions and scratches on her back and stomach when she was examined immediately after the incident; and her demeanor and clothes when she arrived at the Public Health Clinic. In addition, the identity of her assailants was circumstantially corroborated by the testimony of defense witnesses who saw Ms. Janis leave the party with appellant and other male friends shortly before the incident, and by the FBI report that a head hair found in Ms. Janis's pubic hair combings was similar in almost all respects to

appellant's head hair. Moreover, the trial court gave the general instructions on judging the credibility of witnesses and on the burden of proof which the prosecution must shoulder[2], both of which provide protection for the accused. Lastly, the defense remained free to make the argument embodied in the requested cautionary instruction in his own closing argument. For all of these reasons, we cannot agree that the trial court erred in refusing to give the requested instruction.

■ The last point of error claimed by the appellant is that his right to a speedy trial was denied by the court's delay in sentencing him. On August 11, 1978, about two weeks after the jury returned its verdict, the court committed appellant to the custody of the Attorney General for study as to what sentence should be imposed, pursuant to 18 U.S.C. § 4205. The appellant was originally committed for three months. This three-month period was extended by thirty days on October 10, 1978. The three months, plus the extension period, expired on December 11, 1978. Appellant was sentenced on December 28, 1978. While we do not condone the delay appellant suffered after December 11, 1978, we cannot agree that it is cause for reversal. First, we are not sure that a failure to abide by the deadlines set forth in 18 U.S.C.

§ 4205 is a denial of the right to a fair trial, as argued by appellant. Assuming arguendo it is, however, the statute was not violated here. This statute specifies that no prisoner may be committed for study for more than six months. Appellant was removed from commitment six weeks before this ultimate deadline. Moreover, appellant must show prejudice before we can find his "right to a speedy trial" is violated. *Cf. Brooks v. United States*, 423 F.2d 1149, 1153 (8th Cir.), *cert. denied*, 400 U.S. 872, 91 S.Ct. 109, 27 L.Ed.2d 111 (1970). Appellant has not even attempted to explain how he was prejudiced. Therefore we reject appellant's claim that he was denied his right to a speedy trial.

For the foregoing reasons, the judgment of the district court is affirmed.

---

2. The following instructions were given by the court:

The law presumes a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a 'clean slate'— with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The jury will bear in mind that the burden is always upon the prosecution to prove beyond a reasonable doubt every essential element of any lesser offense which is necessarily included in any crime charged in the Indictment.

You, as jurors, are the sole judges of the truthfulness of the witnesses and the weight their testimony deserves.

You should carefully study all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's ability to observe the matters as to which he or she has testified and whether each witness is either supported or contradicted by other evidence in the case.