**UNITED STATES of America, Appellee,**

v.

**Marvin TROUPE, Appellant.**

No. 82–2181.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1983.

Decided March 15, 1983.

Thomas E. Dittmeier, U.S. Atty., Evelyn M. Baker, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Richard E. Feldman, Mann, Poger & Wittner, P.C., St. Louis, Mo., for appellant.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

Marvin Troupe appeals from a final judgment entered in the District Court for the Eastern District of Missouri[1] upon a jury verdict finding him guilty of possessing a firearm after having been convicted of a felony. 18 U.S.C.App. § 1202(a)(1) (1976). For reversal Troupe argues that the trial court improperly admitted evidence that he and his chief witness had several prior arrests and that his chief witness had been convicted of a felony over ten years ago. Troupe also argues that the district judge improperly limited cross-examination of a police officer during a suppression hearing in violation of Troupe's right to confrontation. We affirm.

On October 30, 1981, a warrant was obtained by the St. Louis Metropolitan Police Department to search the residence at 4901 Davidson for controlled substances. The warrant was sought partially on information received from a confidential informant that Troupe and Ureathea Robinson stored and sold drugs at 4901 Davidson. Upon executing the search warrant, the police encountered Troupe and Robinson inside the residence. Troupe was arrested and advised of his rights. During the course of the search, a pistol and rifle were seized. Troupe acknowledged that the firearms were his. Later, Troupe signed a waiver of rights form and made a written statement that the firearms were his property. Troupe was then charged with violating 18 U.S.C.App. § 1202(a)(1).

Before trial, Troupe moved to suppress his confession. According to Troupe, he did not live at 4901 Davidson but just operated a drug rehabilitation program for ex-offenders there. Troupe asserts that at the time the search warrant was executed, he was not at 4901 Davidson; rather, he arrived there only after he heard that 4901 Davidson was being "raided." When he arrived, the police arrested him but did not advise him of his rights. Troupe claims that his confession was coerced by the police, who at gunpoint threatened to charge both him and Robinson for possession of drugs and firearms if Troupe did not take responsibility for the firearms.

At the suppression hearing, Troupe's counsel sought to prove that Troupe was never advised of his rights, that Troupe had been coerced into signing a blank waiver of rights form, and that the police's confidential informant had been paid by the government to incriminate Troupe. In order to prove that Troupe was aware of his rights and knew the significance of a waiver of rights form, the government asked Troupe about his prior arrests. The district court overruled defense counsel's objection to this line of inquiry. The district court, however, sustained the government's objection to defense counsel's questions regarding government payments made to the police informant.

At trial, Robinson corroborated Troupe's version of his arrest and confession. On cross-examination Robinson revealed that she had been convicted of a felony in 1971. Defense counsel objected to the testimony because the conviction was over ten years old. The district court withheld its ruling on the objection because defense counsel could not promptly cite an applicable rule as a basis for the objection. But on the next day, after being apprised of Federal Rule of Evidence 609(b) and upon defense counsel's urging, the district court instructed the jury to disregard the testimony of Robinson's felony conviction. Robinson also testified on cross-examination that she had been arrested on a number of previous occasions. Again, defense counsel objected, but he was overruled. The jury subsequently found Troupe guilty of possessing a firearm after having been convicted of a felony. This appeal ensued.

▪ The evidence adduced at the suppression hearing concerning Troupe's prior

1. The Honorable James H. Meredith, United States Senior District Judge for the Eastern District of Missouri.

arrests was relevant and properly admitted. Because this evidence was not introduced at trial it did not prejudice the jury's verdict. The admission of evidence concerning Robinson's prior arrests and the failure of the district court to promptly rule on the admissibility of Robinson's prior felony conviction, if error at all, was harmless error. Robinson's cross-examination was littered with testimony that discredited her credibility apart from the previous arrests and conviction. *See United States v. Merrival,* 600 F.2d 717, 718 (8th Cir.1979). While the district court's ruling and instruction could have been more prompt, the court's action did not constitute reversible error in the context of the entire trial in which strong evidence of Troupe's guilt was presented.[2] *See United States v. Blue Thunder,* 604 F.2d 550, 556 (8th Cir.), *cert. denied,* 444 U.S. 902, 100 S.Ct. 215, 62 L.Ed.2d 139 (1979). Lastly, Troupe's argument that the district court violated his sixth amendment right to confrontation by limiting his cross-examination of the police officer at the pre-trial suppression hearing lacks merit. Counsel for defendant wanted to establish whether the confidential informant who furnished part of the information on which the affidavit for search warrant was based had been paid by the police. We assume *arguendo* for purposes of this appeal that he was paid. The practice is not uncommon and is not illegitimate. The important point is that the affidavit for warrant adequately set out both the basis of the informant's observations and the reason for the officer's belief in his reliability. Absent a credible claim that the affidavit contained a misstatement of fact made either wilfully or recklessly, no more is required.

Accordingly, we affirm the judgment of the district court.

**2.** We note that the gravity of the prejudice caused by the district court's delay did not

compel defense counsel to move for a mistrial.