**UNITED STATES of America,**
**Appellee,**

v.

**James Russell HERRINGTON, Appellant.**

**No. 20269.**

United States Court of Appeals,
Eighth Circuit.

April 27, 1971.

Austin F. Shute, Kansas City, Mo., for appellant.

Calvin K. Hamilton, First Asst. U. S. Atty., Bert C. Hurn, U. S. Atty., Patrick K. Monahan, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VOGEL and ROSS, Circuit Judges, and STEPHENSON, Chief District Judge.

STEPHENSON, Chief District Judge.

James Russell Herrington, then a practicing member of the Missouri bar, on August 28, 1968, by indictment returned in the Western District of Missouri, was charged in the statutory language with a violation of the bank robbery statute, 18 U.S.C. § 2113(a), in that on or about August 23, 1968, he robbed the Metropolitan National Bank at Kansas City, Missouri, a federally insured institution, of $5935.00.

At arraignment a plea of not guilty was entered. Upon the motion of defense counsel that, "the defendant may be, within the language of Section 4244, Title 18, United States Code, 'presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense'", the district court (The Honorable William R. Collinson), committed Herrington to the Veteran's Administration Hospital at Kansas City, Missouri, "to be examined as provided in Section 4244, Title 18, United States Code." The ensuing psychiatric report concluded that Herrington was aware of the nature of the charges against him and of their ramifications, and that he was capable of assisting in his own defense. Judge Collinson then held an evidentiary hearing at which the examining psychiatrist testified and found that Herrington had sufficient mental competency to stand trial. Accordingly, and on the basis of the defendant's previous plea of not guilty, the case was set for trial.

On January 20, 1969, the date set for trial, the defendant withdrew his plea of not guilty and entered a plea of guilty. Judge Collinson, after making some inquiry of the defendant as to the basis of the plea, accepted the plea of guilty and ordered a pre-sentence investigation.

On February 14, 1969, Herrington was committed by Judge Collinson to the custody of the Attorney General for a maximum period of twenty years under 18 U.S.C. § 4208(b), for the purpose of allowing the sentencing court to obtain more detailed information as a basis for determining sentencing, with provision for a ninety-day study pursuant to 18 U.S.C. § 4208(c), and a review of sen-

tence as provided in § 4208(b), *supra.* Thereafter, on June 24, 1969, on the basis of the report of the United States Medical Center for Federal Prisoners at Springfield, Missouri, that some staff members entertained doubt as to the criminal responsibility of Herrington at the time of the robbery, Judge Collinson granted the defendant's application for leave to withdraw his plea of guilty and to enter a plea of not guilty. Judge Collinson promptly disqualified himself because he had read and studied the presentence report. The case was then assigned to Chief Judge William H. Becker.

In the manner prescribed by Rules 23(a) and (c), Fed.R.Crim.P., 18 U.S.C.A., the defendant waived special findings and trial by jury. On October 23, 1969, the defendant stipulated that he robbed the Metropolitan National Bank on August 23, 1968, and that the bank was federally insured on that date. After trial to the court on the defense of lack of criminal responsibility, the defendant was found guilty, 312 F.Supp. 1276. Judgment of conviction was entered and a sentence of ten years was imposed subject to the provisions of 18 U.S.C. § 4208(a) (2). Defense motion to dismiss the indictment and for judgment of acquittal were appropriately made but were denied by the court.

With leave of the district court, Herrington appeals in forma pauperis. He asserts here, as he did in the trial court, that this Circuit should "abrogate all vestages [sic] of the M'Naghten rule and apply the modified Durham rule as the standard for criminal responsibility." He suggests in the alternative that the evidence below was "insufficient to establish beyond a reasonable doubt" that he had, at the time of the offense, "the requisite cognition, volition and capacity to control his behavior." A meticulous review of the entire record in the proceedings below convinces us that Herrington's arguments are without merit. We reach this result upon the following considerations:

**■ 1.** We are not inclined to accept the invitation to adopt and apply a "modified Durham Test". This Court, in three opinions, has clearly enunciated this Circuit's general law as to criminal responsibility. Dusky v. United States, 295 F.2d 743, 759 (8th Cir. 1961), cert. denied, 368 U.S. 998, 82 S.Ct. 625, 7 L.Ed.2d 536; Feguer v. United States, 302 F.2d 214, 242–245 (8th Cir. 1962), cert. denied, 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110; and Pope v. United States, 372 F.2d 710, 733–739 (8th Cir. 1967) (en banc), vacated on other grounds, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968). See also Alexander v. United States, 380 F.2d 33, 37–39 (8th Cir. 1967) and United States v. Mills, 434 F.2d 266, 274 (8th Cir. 1970). These opinions, singly or together, state that this Circuit's approach to the issue of criminal responsibility centers on 3 necessary elements, namely, the defendant's *cognition,* his *volition,* and his *capacity to control his behavior;* that these 3 elements are essential constituents of the defendant's legal sanity; and that where cognition (knowledge), volition (will) and capacity to control behavior (choice) congeal, a finding of criminal responsibility for the doing of a criminal act is warranted. We are satisfied with this approach, and we today reaffirm it.

**■ 2.** We find ample evidence supportive of Judge Becker's finding that,

> "From all the evidence in the case, * * * it is found that the Government has proved beyond a reasonable doubt that the defendant was mentally responsible for his criminal acts as he planned and executed the robbery of the bank on August 23, 1968; that the defendant then possessed cognition, volition and capacity to control his behavior in the required scope and degree; that he then had the knowledge to distinguish between right and wrong; and that he deliberately formed and executed the intention to violate the law for personal gain by robbing a federally insured bank."

(United States v. Herrington, 312 F. Supp. 1276, 1284)

In making this determination, we must, of course, view the evidence in the light favorable to the Government as the prevailing party [United States v. Lodwick, 410 F.2d 1202, 1204 (8th Cir. 1969), cert. denied, 396 U.S. 841, 90 S.Ct. 105, 24 L.Ed.2d 92], and resolve all reasonable inferences in favor of the Government [Friedman v. United States, 347 F.2d 697, 706 (8th Cir. 1965), cert. denied, 382 U.S. 946, 86 S.Ct. 407, 15 L.Ed.2d 354].

By this measure, and without reciting here at length the details of the testimony of the twenty-seven witnesses, it suffices merely to say that the evidence, viewed in the aggregate, discloses that the defendant was able to function adequately and responsibly in the practice of law in the civil and criminal courts at a point in time shortly before the robbery; that his expenditures exceeded his income; that he had embezzled approximately $30,000 of his client's funds; that he was in urgent need of funds on the day of the robbery; that he confided to a friend on the morning of the robbery that he was going to rob a bank; that his gait, demeanor, and speech appeared normal during the robbery; that in the opinion of most who knew him, the defendant appeared to be in possession of his mental faculties before and at the time of the robbery; and that any suggestions of abnormality, so far as lay witnesses were concerned, were directed to the defendant's irritability and complaints relative to his bursitis. There is, in addition, expert testimony supportive of, and consistent with, Judge Becker's finding. The prosecution, in its rebuttal, called H. Wayne Glotfelty, a psychiatrist. Dr. Glotfelty testified that he graduated from medical school in 1946; that he had 5 years of specialized training in psychiatry; that since 1967 he had been at the United States Medical Center at Springfield, Missouri, as chief of the psychiatric service; that he had participated in a 2½ hour interview of the defendant in April 1969; and that he had reviewed certain medical reports relative to the defendant's case which were prepared during the defendant's stay at the facility in April 1969. The doctor rendered an opinion that the defendant could distinguish right from wrong and that he could control his actions and make them conform to the law at the time of the robbery. On the examination by defense counsel, Dr. Glotfelty stated, "I think he [the defendant] is responsible for what he does. He is not under any mental influence that would cause him to act a certain way."

The defendant did not take the stand.

We conclude that all of the foregoing, together with the entire record, gives ample support to Judge Becker's finding and conclusion of guilt.

We express our appreciation to Austin F. Shute for his efforts as court-appointed counsel in this matter.

Affirmed.