**UNITED STATES of America,**
**Appellee,**

v.

**Hillis B. AKIN and John W. Milligan,**
**Appellants.**

**No. 71–1699.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1972.

Filed July 20, 1972.

Theodore T. Duffield, Patterson, Lorentzen, Duffield, Timmons & Irish, and Martin R. Dunn, Des Moines, Iowa, on brief for appellants.

Allen L. Donielson, U. S. Atty., and John B. Grier, First Asst. U. S. Atty., Des Moines, Iowa, on brief for appellee.

Before VAN OOSTERHOUT and MURRAH,* Senior Circuit Judges, and HEANEY, Circuit Judge.

PER CURIAM.

Akin and Milligan take this appeal from a jury verdict of guilty of violation of the mail fraud statute, 18 U.S. CA. § 1341. Appellants were indicted on eighteen counts. Akin was found guilty on all eighteen counts and sentenced to five years imprisonment on each count, to be served concurrently, in addition to a $10,000.00 fine. Milligan

* Senior Circuit Judge, Tenth Circuit, sitting by designation.

was found guilty on Counts V through XVIII and sentenced to four years imprisonment on each count, to be served concurrently. The acts of fraud for which appellants were convicted arose from the sale and financing of live chinchilla breeding stock and equipment.

Appellants assert three grounds for reversal on appeal: (1) That the court erred in refusing to dismiss the indictment because it was based on hearsay testimony. (2) That the court erred in failing to order a new trial because the government introduced expert testimony contrary to its pretrial representation that no expert testimony would be introduced; and (3) that the court erred in failing to order a new trial because the government represented in pretrial proceedings that it was in possession of no exculpatory statements when in fact there were exculpatory statements in its possession.

On the authority hereinafter cited, we uphold the convictions and sentences of these appellants.

## I.

It is well-settled in this Circuit that an indictment can be based wholly on hearsay evidence. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397; Williams v. United States, 8 Cir., 344 F.2d 264, 266; Truchinski v. United States, 8 Cir., 393 F.2d 627, 633; United States v. Gross, 8 Cir., 416 F.2d 1205, 1210. Therefore there has been no infringement of appellants' Fifth Amendment right that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. . . ."

## II.

The government at trial offered the testimony of Robert Frank, a fur broker, who qualified as an expert on the chinchilla market. At an omnibus pretrial discovery hearing, the government represented that no expert testimony was anticipated. Appellants assert

the government had a continuing duty to inform the defendants before trial that an expert would be introduced. Without passing upon the validity of the assertion, we find that appellants must fail in their request for a new trial. Sanctions for violation of Rule 16(g), Fed.R. Crim.P., are within the discretion of the trial judge. Hansen v. United States, 8 Cir., 393 F.2d 763, 769-770. Judge Hanson indicated to defendants that he would entertain a proper motion for continuance. Defendants failed to take advantage of the sanction offered and proceeded to cross-examine the witness. In the absence of abuse of discretion by the trial court, a defendant will not be heard to complain when he fails to avail himself of a proper remedy because he wanted more than offered.

## III.

In a post-trial motion for a new trial, appellants offered affidavits from a salesman employed by defendants and three satisfied customers of defendants. All four stated that they told government investigators favorable things as to the defendants. At pretrial the government represented that it had no exculpatory evidence in its possession. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, holds that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material . . . ." 373 U.S. 83, 87, 83 S.Ct. at 1196.

The evidence asserted to have been suppressed here was not beyond the easy reach of the defendants; therefore, we find that no evidence was suppressed. There is nothing to indicate that defendants did not know or should not have known that these affiants were available for the defense. In fact, the evidence shows that defendants were in contact with these affiants up to and during the proceedings below, and that evidence was presented at trial by these affiants.

Appellants were afforded a fair trial. The convictions stand affirmed.