UNITED STATES of America

v.

Roy Lee WILLIAMS.

No. 74 CR 47–W–1.

United States District Court,
W. D. Missouri, W. D.

July 11, 1974.

Bert C. Hurn, U. S. Atty., Kansas City, Mo., Kurt P. Schulke, Sp. Atty., Dept. of Justice, Kansas City, Mo., for plaintiff.

James G. Walsh, Jr., Kansas City, Mo., Thomas A. Wadden, Jr., Washington, D. C., for defendant.

## MEMORANDUM AND ORDERS DIRECTING FURTHER PROCEEDINGS IN REGARD TO JULY 22, 1974 RULE 17.1 CONFERENCE

JOHN W. OLIVER, District Judge.

Pursuant to proceedings earlier directed, the defendant has filed (1) a motion to suppress the testimony of the prospective government witness Sherman Starks; (2) a motion to dismiss the indictment for unreasonable pre-indictment delay; (3) a motion to dismiss the indictment for failure to allege an offense; and (4) a motion for discovery and inspection.

We have considered the suggestions in support and in opposition to the pending motions and, in light of the approaching Rule 17.1 pretrial conference to be held Monday, July 22, 1974, it is appropriate that we direct further proceedings in connection with the pending motions in order to expedite their consideration at the conference to be held that day.

### I.

Defendant's motion to suppress puts in focus the circumstances under which both the stenographic notes and electronic recordings of the testimony given by witness Starks on March 21, 1969 in the case of Hudson v. Williams, No. 17133–4, tried before Judge Hunter, have been lost. Exhibits A, B, and C, attached to the government's suggestions in opposition, reflect that Judge Hunter apparently ordered an investigation of this highly unusual matter on March 16, 1972.

We do not know whether the defendant wishes any additional investigation or hearing in connection with this most unfortunate circumstance, which may have an impact beyond the scope of the motion to suppress.

In order that this phase of the evidentiary hearing be expeditiously handled on July 22, 1974, it will be ordered that counsel confer on or before Thursday, July 18, 1974, and agree upon a list of witnesses which either side wishes to call in connection with this matter at the hearing to be held July 22, 1974. Such agreed list of witnesses and a stipulation in regard to the authenticity of all documentary evidence which either side may wish to adduce shall be filed with the Court on or before July 18, 1974.

## II.

Defendant's motion to dismiss for pre-indictment delay, contrary to the government's suggestions in opposition to that motion, obviously requires a full plenary evidentiary hearing. While we recognize that the rule of United States v. Estepa (2nd Cir. 1974), 471 F.2d 1132, "has not yet been adopted by this circuit," see United States v. Powers (8th Cir. 1973), 482 F.2d 941, at 943, it is clear that the principles stated by Chief Judge Friendly in *Estepa* have not been rejected in this Circuit. Indeed, the principles stated in the cases upon which *Estepa* was based have long been stated and applied in many Eighth Circuit cases.

The questions presented in regard to this motion are closely related to questions presented by other motions filed by the defendant. It is therefore appropriate to note in connection with this motion that the government relies solely upon language in United States v. Silverman (2nd Cir. 1970), 430 F.2d 106, to sustain the sufficiency of the indictment filed in this case. In *Silverman*, the Second Circuit was required to consider the question of "whether the indictment reveals that all the essential elements for conviction *were presented to the grand jury, and deliberated upon and charged by them.*" [430 F.2d at 110, emphasis ours]. *Silverman* further concluded that "even though the indictment is drafted to charge the essential elements, the question remains whether on its face it presents evidence which assures us that such essential elements *were presented to the jury and deliberated upon by them in returning the indictment.*" [430 F.2d at 111; emphasis ours].

In support of both conclusions, *Silverman* relied upon principles stated in Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). The Eighth Circuit recently applied those same principles in United States v. Denmon (8th Cir. 1973), 483 F.2d 1093, a case in which a conviction otherwise free from error was reversed because of the government's failure to allege all of the essential elements of the crime in the indictment. *Denmon* held that:

It is elementary in American jurisprudence that an indictment must set forth the essential elements of the offense charged, and if it does not, a conviction based thereon is fatally defective.

*Denmon* explained that "the specific reason for the requirement that the indictment contain all of the essential elements of the crime charged in this case is that there could be no assurance that the grand jury would indict if it had not considered all of the essential elements of the crime" [Id. at 1095]. *Denmon* emphasized and reiterated throughout that opinion that "the omission of an admittedly essential element of the offense in the indictment is a matter of substance and not form" [Id at 1096]; that "one unchanging common requirement in the cases directly facing the issue is the necessity for the indictment to charge the *essential* elements of the offense;" [Id at 1097, emphasis the court's]; that any other rule would completely ignore "the dictates of the Fifth Amendment" for the reason that "[W]e

cannot say that the grand jury would have returned a true bill against the defendant if the essential element . . . would have been included in the indictment" [Id at 1097] ; and that when "an essential element of an offense has been omitted from the indictment, a violation of the Fifth Amendment's grand jury requirement ensues" [Id at 1098].

While we will not at this time rule the defendant's motion to dismiss for failure to allege an offense, we direct attention to United States v. Heinze (D.Del.1973), 361 F.Supp. 46, involving an alleged violation of Section 439(a), Title 29, United States Code, in which the indictment was dismissed for failure of the government to allege which particular subsection of Section 433(a) the defendant had allegedly violated. That case concluded that the indictment had therefore been drawn in violation of the "essential elements" rule. We shall direct the parties to present supplemental briefs in regard to whether the rationale of *Heinze* should be applied to this case.

Under the exceptional circumstances presented in this case, justice requires that the factual circumstances in regard to pre-indictment delay be fully developed at the present time, regardless of whether this Court should eventually conclude that the indictment as presently drawn fails to allege all of the essential elements of the alleged offense. Under ordinary circumstances, the dismissal of an indictment on such a ground would be without prejudice and the government, pursuant to § 3288, Title 18, United States Code, would be afforded the opportunity to seek a new indictment from another grand jury within six calendar months of the date of the dismissal of the indictment. See the unpublished memorandum and order dated November 23, 1973, in United States v. Barket and Civic Plaza National Bank, No. 73 CV 231–W–1; appeal dismissed by the Eighth Circuit on January 28, 1974.

In this case, however, principles stated in United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) establish that a substantial question of pre-indictment delay is already presented in regard to any prosecution of the defendant for a violation of Section 439(c), Title 29, U.S.C. That question is not going to go away. It should therefore be apparent that should the Court conclude that defendant's motion to dismiss should be granted on the ground of undue pre-indictment delay, such a dismissal would be with prejudice, thus foreclosing the saving provisions of § 3288. For this reason, it is appropriate to further discuss the defendant's motion to dismiss grounded on pre-indictment delay.

The government's suggestions in opposition apparently concede that the indictment in this case was based in large part upon testimony given by witnesses who appeared before Judge Hunter's Special Grand Jury back in 1972. In order to obtain the currently pending 1974 indictment, the government apparently called a single witness, a special agent of the FBI, who did no more than read the testimony of five witnesses who had testified before the 1972 Special Grand Jury. The FBI agent, in addition to reading the 1972 Special Grand Jury testimony, also identified some documentary evidence which clearly would have been and may have been available to the 1972 Special Grand Jury.

██ United States v. Daneales (W. D.N.Y.1974), 370 F.Supp. 1289, shows that appropriate pretrial orders should be entered when substantial questions of pre-indictment delay and abuse of grand jury are presented. In that case the government was directed to file a table setting forth the passage of time from referral to the United States Attorney until presentation of indictment, together with an affidavit explaining the manner in which the various cases there involved were presented to the grand jury. A similar order will be entered in this case. The government obviously believed that the 1972 testimony of the witnesses which it had an FBI agent read to a 1974 grand jury was sufficient

to support an alleged violation of Section 439(c). The government advises us, however, that it did not request an indictment from the 1972 Special Grand Jury which had actually heard the testimony. But the government does not advise us why a request for an indictment was not made. Those reasons shall be stated in the required affidavit.

Another problem of evidentiary data is apparently presented in regard to defendant's motion to dismiss for undue pre-indictment delay. The suggestions in support and in opposition to all the motions, and particularly those filed in connection with defendant's motion for discovery, do not clearly indicate whether the government has produced only the testimony of the witnesses who appeared before the 1972 Special Grand Jury and those who appeared before the 1974 Grand Jury, or whether a full transcript of all proceedings before both those Grand Juries has been produced. Defendant's suggestions in support of his motion for discovery makes clear that the defendant "seeks discovery of the Grand Jury *Minutes* pertinent to this indictment" but the formal motion filed was apparently inadvertently confined to "all written or recorded *testimony* given by any prospective witness relating to the subject matter of this indictment." Proper application of the rules and standards stated in *Silverman, Russell* and *Denmon*, require that we know what the prosecutor told the Grand Juries about Section 439(c) and the law applicable thereto.

■ We believe that it is clear that proper consideration of the undue pre-indictment delay question requires that a transcript of all proceedings which took place before Judge Hunter's Special Grand Jury in regard to this defendant and a transcript of all proceedings which took place before the 1974 Grand Jury which indicted the defendant be produced for the defendant's examination if they have not already been made available.

■ If complete transcripts of all procedings before both Grand Juries have not been made available, and if the government wishes to object to full production, principles stated in United States v. Ramirez (2nd Cir. 1973), 482 F.2d 807, at 812, suggest that we should not enter an order requiring production, even for *in camera* inspection, except upon appropriate motion of the defendant.

It is apparent therefore that if the transcripts of everything which transpired before both Grand Juries have already been produced, the question is moot. If the transcripts of all proceedings before both Grand Juries have not been so produced, and if required to do so by reason of government objection, defendant will be granted leave to promptly file an appropriate motion which the Court will rule well in advance of the July 22, 1974 hearing.

It is clear from what we have said that we will afford both parties a full opportunity to adduce any and all evidence either side may desire to adduce in connection with the motion to dismiss for pre-indictment delay and for abuse of grand jury. The parties shall list their witnesses and documentary exhibits in regard to this motion in the same manner and at the same time as provided in regard to the motion to suppress.

### III.

The motion to dismiss for failure to state an offense does not present any factual questions and no evidentiary hearing will be necessary in connection with that motion. Counsel shall, however, file supplemental briefs in regard to the rationale of *Heinze, supra*, on or before July 18, 1974.

### IV.

What we have said in connection with part II above indicates our view in regard to the motion for discovery.

## V.

Accordingly, it is

Ordered (1) that counsel shall confer on or before Thursday, July 18, 1974, and agree upon and file with the Court a list of witnesses which either side may wish to call at the hearing to be held July 22, 1974, in connection with any and all of the pending motions. It is further

Ordered (2) that on or before July 18, 1974, the parties shall confer, agree upon, and file with the Court an appropriate stipulation in regard to the authenticity of any documentary evidence which either side may wish to adduce at the July 22, 1974 hearing. It is further

Ordered (3) that on or before July 18, 1974, the government shall prepare, serve, and file (i) a table setting forth the passage of time from referral to the United States Attorney of this District of any and all claimed violations of § 439(c), Title 29, United States Code, by the defendant, until presentation of the current indictment to the 1974 Grand Jury; and (ii) appropriate affidavits of all persons with personal knowledge explaining the manner in which an alleged violation of § 439(c), Title 29, United States Code, by the defendant was presented with no request for an indictment to Judge Hunter's 1972 Special Grand Jury and later to the 1974 Grand Jury which was requested to and which did return the pending indictment. It is further

Ordered (4) that unless the government has already produced, or is presently willing to produce, a transcript of all proceedings before Judge Hunter's 1972 Special Grand Jury in regard to the defendant, and a transcript of all proceedings before the 1974 Grand Jury which returned the pending indictment in regard to the defendant, defendant is hereby granted leave to file an appropriate motion in accordance with what we have stated above. It is further

Ordered (5) that the parties shall file supplemental briefs in regard to the *Heinze* case, *supra*, on or before July 18, 1974.