UNITED STATES of America, Appellee,

v.

James H. SMITH, Appellant.

No. 76–1289.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 8, 1976.

Decided April 5, 1977.

James Wyrsch, Kansas City, Mo., argued and on brief, for appellant.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., argued; Bert C. Hurn, U. S. Atty., and Stephen L. Hill, Asst. U. S. Atty., Kansas City, Mo., on brief, for appellee.

Before BRIGHT and WEBSTER, Circuit Judges, and TALBOT SMITH, Senior District Judge.[*]

WEBSTER, Circuit Judge.

James H. Smith appeals from his jury conviction on one count of distribution of

[*] The Honorable Talbot Smith, Senior District Judge for the Eastern District of Michigan, sitting by designation.

1. Barclay had also previously testified, in the government's case in chief, that she had ob-

amphetamine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1). He was fined $10,000 and sentenced to three years' imprisonment with a three year special parole term after release. He raises numerous issues on appeal, primarily relating to his contention that he was intoxicated at the time the amphetamine transfer occurred and thus could not have formed the requisite specific intent. We affirm the judgment of conviction.

The evidence adduced at trial showed that at approximately 1:30 on the morning of October 23, 1974, appellant gave a sack of amphetamine pills to Richard Baker, an informant for the Drug Enforcement Administration. Appellant testified at trial that, because of the quantity of alcohol he had consumed during the preceding several hours, he was unable to recall the events of that morning and did not remember giving amphetamines to the informant. He called witnesses to corroborate his claim that he had consumed substantial quantities of alcohol during the hours preceding the drug transfer. He also presented an expert witness who testified that a man of appellant's size who drank as much as appellant claimed to have consumed during the time period involved would be intoxicated and would have an "impairment of mental functions."

The government then presented rebuttal evidence. A D.E.A. agent testified that he observed appellant driving his automobile at a little after 1:00 a. m. on October 23, 1974, and that, during the fifteen to twenty seconds the agent could see the car, appellant's auto did not weave and "appeared to be operating in a normal fashion." Barbara Barclay, a special agent with the D.E.A., testified that on the afternoon of October 22, 1974, appellant asked informant Baker to purchase some cocaine for him.[1] The

served and talked with appellant during the evening immediately preceding the early morning distribution, and that she observed no impediment in his speech or demeanor, and that his conversation was logical and to the point.

District Court[2] instructed the jury that the testimony was offered solely to show appellant's state of mind or intent at the time of the offense charged in the case; the jurors were told they were not to consider the evidence for any other purpose. Agent Barclay further testified that one week later she met with appellant and he told her he "no longer had to deal in amphetamines," because "he had made enough money dealing in amphetamines so that he could go into a legitimate business." The District Court again instructed the jury that the evidence was offered solely to show motive, intent or absence of mistake.

### I.

Appellant contends that on these facts the District Court should have sustained his motion for a directed verdict at the close of all the evidence. He contends that lay testimony was insufficient to rebut

2. The Honorable Elmo B. Hunter, United States District Court for the Western District of Missouri.

3. Judge Hunter accurately instructed the jury on the defense of intoxication:

Now, with regard to this business concerning intoxication or drunkenness. There is no instruction that says, "Intoxication is a defense." Rather, the instruction is as follows, and listen carefully: Although intoxication or drunkenness alone will never provide a legal excuse for the commission of a crime, the fact that a person may have been intoxicated at the commission of a crime may negate the existence of specific intent.

So evidence that a defendant acted or failed to act while in a state of intoxication is to be considered by you, the jury, in determining whether or not the defendant acted or failed to act with specific intent, as charged in the indictment.

If the evidence in the case leaves you, the jury, with a reasonable doubt whether because of the degree of his intoxication the mind of the accused was capable of forming or did form specific intent to commit the crime charged, then you, the jury, should acquit the accused.

See United States v. Herrington, supra, 440 F.2d at 1042.

Appellant also contends the court erred in excluding his proffered polygraph evidence. He made an offer of proof of the results of a polygraph examination administered to him, which appellant asserts indicated he was telling the truth about his intoxication at the time of

the testimony of his medical expert. We disagree. The expert, Dr. William R. Bonner, hypothesized his testimony on the amount of alcohol that appellant had testified to drinking. The actual amount consumed and its effect upon appellant were issues of fact, especially in view of strong evidence by the government that appellant's observed conduct was inconsistent with his claimed mental incapacity. Viewed in the light most favorable to the government, see United States v. Herrington, 440 F.2d 1041 (8th Cir.), cert. denied, 404 U.S. 842, 92 S.Ct. 139, 30 L.Ed.2d 78 (1971), the evidence was sufficient to go to the jury.[3]

### II.

Appellant contends that the District Court erred in refusing to dismiss the indictment on the ground it failed to state an offense. The indictment charged that

the offense. The government did not assent to the admission of this evidence, and under such circumstances, the decision to exclude the proffered evidence was clearly within the discretion of the District Court. See United States v. Alexander, 526 F.2d 161, 166 (8th Cir. 1975); United States v. Oliver, 525 F.2d 731, 737 (8th Cir. 1975), cert. denied, 424 U.S. 973, 96 S.Ct. 1477, 47 L.Ed.2d 743 (1976).

In addition, appellant complains of the government's use of rebuttal evidence indicating other criminal activity on his part involving narcotics. The District Court instructed the jury that it was admitting the evidence solely to show motive, intent or absence of mistake. Fed.R.Evid. 404(b) provides:

(b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

This evidence was clearly relevant to show intent, which appellant had placed in issue by his intoxication defense. The probative value of the evidence to counter appellant's intoxication defense and show his state of mind at the time of the offense clearly outweighed any possibility of prejudice, and the court did not abuse its discretion in admitting it into evidence. Fed.R.Evid. 403.

appellant knowingly and intentionally distributed amphetamine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1). Failure to charge that he also acted "unlawfully" is not fatal to the indictment; the allegation that he violated federal law was sufficient notice that he acted unlawfully. *See United States v. Burgard,* 551 F.2d 190, 195 (8th Cir. 1977). A further contention that the indictment failed to state the applicable regulation making amphetamine a controlled substance is without merit since appellant does not allege he was prejudiced thereby. *See* Fed.R.Crim.P. 7(c)(3).[4]

### III.

■■■ Appellant contends that the District Court erred in denying his pretrial motion to produce the transcript of the grand jury proceedings which resulted in his indictment. The motion advanced no particularized need to see the grand jury transcript and instead relied upon an argument of fairness and convenience and an attack upon the use of hearsay.[5] The District Court did examine the grand jury transcript, although we cannot say appellant's claims required it to do so, and found no abuse of the grand jury process. The essential findings of the District Court are not challenged here. A defendant presently has no absolute right to appear before the grand jury that is investigating him or to have his counsel present. *United States v. Gardner,* 516 F.2d 334, 339 (7th Cir.), *cert. denied,* 423 U.S. 861, 96 S.Ct. 118, 46 L.Ed.2d 89 (1975), *United States v. Fitch,* 472 F.2d 548, 549 (9th Cir.), *cert. denied,* 412 U.S. 954, 93 S.Ct. 3003, 37 L.Ed.2d 1007 (1973); *Gollaher v. United States,* 419 F.2d 520, 523 (9th Cir.), *cert. denied,* 396 U.S. 960, 90 S.Ct. 434, 24 L.Ed.2d 424 (1969); *Directory Services, Inc. v. United States,* 353 F.2d 299, 301 (8th Cir. 1965); *United States ex rel. McCann v. Thompson,* 144

F.2d 604, 605–06 (2d Cir.), *cert. denied,* 323 U.S. 790, 65 S.Ct. 313, 89 L.Ed. 630 (1944). And while the government is under a duty not to present perjured testimony to the grand jury knowingly, *United States v. Basurto,* 497 F.2d 781, 785 (9th Cir. 1974), or to mislead the grand jurors, *United States v. Estepa,* 471 F.2d 1132, 1136 (2d Cir. 1972), it has no correlative duty to produce evidence that undermines the credibility of its witnesses. *United States v. Gardner, supra,* 516 F.2d at 338–39; *Jack v. United States,* 409 F.2d 522, 524 (9th Cir. 1969). The use of hearsay evidence before the grand jury when first-hand testimony is available is not forbidden when the jury is not misled into believing the witness is testifying from first-hand information. *United States v. Powers,* 482 F.2d 941, 943 (8th Cir. 1973), *cert. denied,* 415 U.S. 923, 94 S.Ct. 1426, 39 L.Ed.2d 479 (1974); *see Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *United States v. Estepa, supra,* 471 F.2d at 1136.

We find no error here.

### IV.

Appellant contends that during pretrial discovery the government failed in its duty to search its files for evidence favorable to appellant in response to his *Brady*[6] motions. The District Court had directed the government prosecutor to have the D.E.A. screen its files for evidence favorable to appellant. On the morning of trial, the prosecutor advised the court that "the DEA . . . have examined the files and records . . . and they are not aware of any additional *Brady* material other than what Mr. Wyrsch has." Appellant suggests that this screening process may have been conducted by a nonlawyer.

■■■ To prevail on a nondisclosure of favorable evidence claim, an appellant must show that there has been (a) suppression by

4. Appellant was furnished with a copy of 21 C.F.R. § 1308.12(d) long before trial.

5. In this appeal, appellant expands upon his reasons for challenging the grand jury proceedings. He did not present these arguments to the District Court and we see no reason for

considering them here. *See United States ex rel. Huisinga v. Commanding Officer,* 446 F.2d 124, 125 (8th Cir. 1971).

6. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

the prosecution after a request by the defense (b) of evidence favorable to the defendant (c) which was material to his defense. *Moore v. Illinois,* 408 U.S. 786, 794–95, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972); *Evans v. Janing,* 489 F.2d 470, 475 (8th Cir. 1973). Compliance with *Brady* neither requires full disclosure as in civil cases nor permits a "combing of the prosecutors' files" in search of evidence possibly useful to the accused. *Evans v. Janing, supra,* 489 F.2d at 474; *see Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). We cannot say on the facts present in this case that there has been any purposeful evasion of the prosecutor's duty amounting to suppression, *see United States v. Keogh,* 391 F.2d 138 (2d Cir. 1968), and indeed no evidence has been shown to have been withheld which was material to the defense.

■ It is unreasonable to impose upon a prosecutor the duty of personally searching agency files for favorable evidence. If such evidence has been requested by the accused and if it in fact exists, the prosecutor may be charged with the consequence of not having produced it if this has the effect of denying the accused a fair trial. But this is not to say that such ultimate responsibility can be equated, as appellant seems to suggest, with the conduct of a prosecutor who keeps himself in purposeful ignorance by deliberately failing to acquire all relevant evidence. Compare ABA Standards Relating to the Administration of Criminal Justice, The Prosecution Function § 3.11, commentary c (Supp.1971). There is no evidence of such conduct in the present case.

## V.

■ Finally, appellant contends the District Court erred in overruling his motions to dismiss the indictment based on pre-indictment and post-indictment delay. There was a seven-month delay between the offense and the indictment, during which time Agent Barclay and the informant Baker were continuing to work in an undercover capacity. After a pretrial hearing, the District Court ruled that there was no evidence appellant was prejudiced by the delay, that there was no evidence the government engaged in any delay as an attempt to gain a tactical advantage, and that the government acted in good faith in waiting to obtain the indictment. We agree with the District Court that appellant has failed to show he was prejudiced by this delay. *See United States v. Naftalin,* 534 F.2d 770, 772–74 (8th Cir. 1976); *United States v. Crow Dog,* 532 F.2d 1182, 1194 (8th Cir. 1976). He argues that the delay prevented him from having chemical tests made to verify his claim of intoxication, but it would have been necessary for the charge to have been made immediately for him to have had such tests made at the time of the offense.

■ There was also a fourteen-month delay between the indictment and trial, due partly to the government's inability to locate a key witness and the illness of its other key witness. Shortly before trial, appellant filed a supplemental motion to dismiss, based on this delay. The District Court ruled that the delay was not unreasonable and denied the motion. In assessing the reasonableness of the post-indictment delay, we have applied the tests set forth in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972),[7] and are satisfied that appellant was not denied his right to a speedy trial. *See United States v. Crow Dog, supra,* 532 F.2d at 1192–94.

The judgment of conviction is affirmed.

---

7. *Barker v. Wingo, supra,* provides four factors that should be balanced in determining whether a defendant has been deprived of his right to a speedy trial: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

407 U.S. at 530, 92 S.Ct. 2182. While the length of the delay in this case was long enough to provoke an inquiry into the existence of the other factors, a balance of the factors present in this case indicates that no denial of the speedy trial right occurred.