**STATE of Minnesota, Respondent,**

v.

**Kevin BRANT, Appellant.**

No. C5–82–1035.

Supreme Court of Minnesota.

March 16, 1984.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael Lynch, County Atty., Willmar, for respondent.

WAHL, Justice.

Defendant was charged in district court with attempted first-degree murder, assault in the first degree and burglary. He waived his right to a jury trial and was tried before the trial court, which acquitted him of the attempt charge but found him guilty of the other two charges. The court sentenced defendant to executed concurrent terms of 76 and 21 months in prison. On this appeal from judgment of conviction defendant contends that he should be given a new trial because the trial court prejudicially erred in (a) admitting eyewitness

identification testimony by the victim and (b) ruling that if defendant testified the state would be allowed to prove a *Spreigl* offense. We affirm.

On the evening of December 24, 1981, a Kandiyohi, Minnesota, resident heard suspicious sounds coming from the grocery store next door. Her 75-year-old husband went to investigate and surprised defendant, who had broken the front door and entered the store. Defendant violently attacked him with a tire iron, causing serious injury, then fled on foot. The victim and his wife sought help from guests at a nearby Christmas party, two of whom chased and caught defendant, who was still carrying the tire iron.

Defendant's claim that the trial court erred in admitting the victim's identification testimony is based on his contention that the photographic display shown to the victim that night was suggestive. We hold that the procedures used did not create a "very substantial likelihood of irreparable misidentification" and that, therefore, the trial court did not err in admitting the victim's identification testimony. *Manson v. Brathwaite*, 432 U.S. 98, 116, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); *Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972). Furthermore, identity was not an issue, since defendant was caught leaving the scene.

Defendant's other contention relates to the trial court's ruling at the omnibus hearing that if defendant testified the court would allow the state to show that 3 years earlier, when defendant was a juvenile, he had committed a similar offense using a tire iron. Defendant contends that the trial court should have waited until after defendant testified before deciding whether to admit the evidence on rebuttal and that the effect of the trial court's ruling was to prevent defendant from testifying concerning his intoxicated condition. We affirm the trial court's ruling. If defendant had testified concerning his intoxication—*see* Minn.Stat. § 609.075 (1982)— the *Spreigl* evidence clearly would have been admissible under Minn.R.Evid. 404(b)

to rebut defendant's testimony and to help persuade the trier of fact that defendant had the requisite intent when he committed the acts in question. *United States v. Dysart*, 705 F.2d 1247 (10th Cir.1983); *United States v. Smith*, 552 F.2d 257, 260 n. 3 (8th Cir.1977). Defendant was not prejudiced by the timing of the court's decision, since the decision made it possible for him to make an informed decision as to whether or not to testify.

Affirmed.