UNITED STATES of America, Appellee,

v.

James C. BENSON, Appellant.

UNITED STATES of America, Appellee,

v.

Mary K. BENSON, Appellant.

Nos. 84–5097, 84–5098.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 26, 1984.

Decided April 15, 1985.

Michael G. Parham, Jasper, Ga., for appellant James C. Benson.

Scott Tilsen, Minneapolis, Minn., for appellant Mary K. Benson.

James M. Rosenbaum, Minneapolis, Mn., for appellee.

Before HEANEY, BRIGHT, and ROSS, Circuit Judges.

PER CURIAM.

Mary K. and James C. Benson were convicted of failure to file income tax returns for the years 1977 through 1979, in violation of 26 U.S.C. § 7203 (1982). On appeal,

they contend that the district court[1] erred in: (1) failing to suppress IRS summonses, (2) denying a motion for discovery of grand jury proceedings, (3) refusing to admit certain testimony and a tape recording into evidence, and (4) refusing to ask certain voir dire questions requested by Mary Benson. We affirm the judgment of the district court.

## I. BACKGROUND.

In 1977, 1978, and 1979, James and Mary Benson did not file income tax returns. During this period both were employed, with a combined income of over $29,000 per year. On September 8, 1980, the Internal Revenue Service (IRS) issued administrative summonses to Pillsbury Credit Union, Northwestern State Bank, and Northland Mortgage Company seeking financial information concerning the Bensons. The Bensons intervened in federal district court, claiming the summonses were invalid because they were issued solely to aid a criminal investigation. The court adopted a magistrate's report finding that the summonses had been issued for purposes of a civil investigation and recommending enforcement of the summonses. The Bensons appealed to this court and we affirmed. *United States v. Pillsbury Credit Union*, 661 F.2d 1195 (8th Cir.1981).

On January 25, 1984, a grand jury indicted the Bensons on charges of failing to file income tax returns. In pretrial motions, the Bensons again contested the validity of the 1980 summonses and also moved the district court to permit discovery of the grand jury proceedings. The court denied both motions. At the conclusion of the trial, the jury found both Bensons guilty on three counts of failing to file income tax returns. The court sentenced James Benson to two years of imprisonment followed by three years of probation, and Mary Benson to one year of imprisonment followed by two years of probation. The Bensons appeal from the judgment and commitment orders.

---

**1.** The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

## II. DISCUSSION.

### A. Administrative Summonses.

The IRS has limited authority to issue summonses pursuant to 26 U.S.C. § 7602 (1982):

**(a) Authority to summon, etc.**

For the purposes of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax * * * or collecting any such liability, the Secretary is authorized—

* * *

(2) To summon * * * any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax * * *.

Section 7602 does not authorize the IRS to issue summons solely for the purpose of aiding criminal investigations. *See United States v. LaSalle National Bank*, 437 U.S. 298, 317 n. 18, 98 S.Ct. 2357, 2367 n. 18, 57 L.Ed.2d 221 (1978).

In their pretrial motions, the Bensons alleged that the summonses issued in 1980 were invalid because the IRS issued them with the sole intent of gathering evidence for a criminal prosecution. Accordingly, they moved to suppress all evidence obtained through the use of these summonses. Appellants raised the same issues in their original challenge to the enforcement of the summonses. In that action, the district court determined that the summonses were valid and we affirmed the district court's determination. *United States v. Pillsbury Credit Union, supra.* We think *Pillsbury* is dispositive and affirm the district court's denial of the Bensons' motions to suppress.

### B. Voir Dire Questions.

During voir dire, the district court refused to ask questions proposed by Mary Benson regarding the jurors' religious atti-

tudes and their willingness to follow the law. Where, as here, the court did ask the jurors if they would follow the court's instruction on the law and instructed them on the presumption of innocence and the Government's burden of proof, it was within the trial court's discretion to reject specific questions proposed by the defendant. *See United States v. Hall,* 588 F.2d 613, 615 (8th Cir.1978). Furthermore, Mrs. Benson has not demonstrated any prejudice resulting from the court's refusal to ask the questions. Without substantial prejudice to defendant there can be no reversible error in the trial court's handling of voir dire. *United States v. Brown,* 540 F.2d 364, 378–79 (8th Cir.1976).

### C. Disclosure of Grand Jury Proceedings.

■ Although disclosure of grand jury proceedings under certain circumstances is now authorized by Rule 6 of the Federal Rules of Criminal Procedure, a long-established policy in the federal courts maintains the secrecy of these proceedings. *In Re Disclosure of Testimony Before the Grand Jury,* 580 F.2d 281, 285 (8th Cir. 1978). Parties seeking disclosure must show a "particularized need," and the decision to permit disclosure lies within the sound discretion of the trial judge. *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 223, 99 S.Ct. 1667, 1675, 60 L.Ed.2d 156 (1979); *United States v. Lame,* 716 F.2d 515, 518–19 (8th Cir.1983). The record supports the district court's finding of no particularized need for disclosure; we therefore conclude that denial of the Bensons' motions for discovery of the grand jury proceedings did not constitute an abuse of discretion.

We have also reviewed the Bensons' arguments concerning the district court's exclusion of certain items of evidence. We conclude that the court's evidentiary rulings did not constitute an abuse of its discretion; thus, reversal is not warranted on this basis.

### III.  CONCLUSION.

For the foregoing reasons, we affirm the judgment of conviction.