**UNITED STATES of America,**

v.

**Bobby D. WOOD.**

**Crim. No. 91–50012–01.**

United States District Court,
W.D. Arkansas,
Fayetteville Division.

Sept. 27, 1991.

Matthew J. Fleming, Fort Smith, Ark., Gregory T. Everts, Washington, D.C., for U.S.

Samuel A. Perroni, Little Rock, Ark., for Wood.

MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

Defendant Bobby Wood was indicted in July, 1991, on one count of conspiracy to

distribute adulterated or misbranded animal drugs, one count of concealing material facts from the Food and Drug Administration, and 10 counts of distribution of misbranded animal drugs. Trial is set for early February, 1992.

Defendant Wood has now moved for discovery of considerable information relating to grand jury procedures and materials, including details of when and how testimony was presented, attendance records of grand jurors, voting records on the indictment, the jury instructions given, and those who had access to grand jury materials. The government opposes on the ground that defendant Wood has not shown the particularized need that would allow him to have access to grand jury materials. The motion will be denied.

## I.

Fed.R.Crim.P. 6 governs grand jury proceedings in general. It specifies that a grand jury must have between 16 and 23 members,[1] *see* Fed.R.Crim.P. 6(a)(1); that all grand jury proceedings except deliberation and voting are to be recorded, *see* Fed.R.Crim.P. 6(e)(1); that one of the grand jurors is to keep a record of the number of jurors concurring in the decision to indict, *see* Fed.R.Crim.P. 6(c); that an indictment may be returned only upon the concurrence of 12 or more legally qualified grand jurors, *see* Fed.R.Crim.P. 6(f), *see also* Fed.R.Crim.P. 6(b)(2); and that the government may not disclose "matters occurring before the grand jury" except as specified by the rule, *see* Fed.R.Crim.P. 6(e)(2). A court may order disclosure of otherwise secret grand jury matters "at the request of a defendant, upon a showing that grounds may exist" to dismiss the

indictment "because of matters occurring before the grand jury," *see* Fed.R.Crim.P. 6(e)(3)(C)(ii), or "preliminarily to or in connection with a judicial proceeding," *see* Fed.R.Crim.P. 6(e)(3)(C)(i). Professor Wright describes the latter provision as permitting disclosure "for purposes other than a motion to dismiss the indictment." *See* 1 C. Wright, *Federal Practice and Procedure: Criminal* 2d § 108 at 265–66 (1982).

## II.

It is not clear to the court exactly why defendant Wood is requesting access to grand jury materials. In his motion, defendant Wood states that "it has become apparent" that at least two grand juries have "probably" investigated the events precipitating his indictment[2] and suggests that such circumstances "present questions concerning possible grand jury irregularities." Based on these assertions, the court believes that defendant Wood is anticipating the possibility of a motion to dismiss, either because of procedural irregularities[3] or because of substantive due process concerns.[4] Because of the "strong presumption of regularity of the grand jury proceedings," *see* 1 C. Wright, *Federal Practice and Procedure: Criminal* 2d § 111.1 at 326 (1982), however, these assertions by defendant Wood, unsupported by affidavit or other evidence, are insufficient to establish that "grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury," *see* Fed.R.Crim.P. 6(e)(3)(C)(ii).

The Eighth Circuit has found an insufficient showing in cases where an affidavit by counsel for the defendant stated that a tape of several witnesses after their grand

---

**1.** By statute, at least 16 grand jurors must be present for any grand jury proceedings to be valid. *See* 18 U.S.C. § 3321.

**2.** The government denies this allegation.

**3.** Defendant Wood alludes to the necessity of determining whether quorum requirements were met, presumably as to both the taking of testimony and the decision to indict.

**4.** Defendant Wood asserts that "the clear ambiguities" of the statutes establishing crimi-

nal liability for his alleged acts "compel disclosure" of the instructions given to the grand jury "to ensure that the elements" of the offenses were "properly stated." Defendant Wood also contends that where an indictment is based primarily or solely on hearsay, the grand jury's independence in assessing credibility may be compromised. The court construes this as an argument that such circumstances may be present in this case.

jury appearances contained a description of various instances of prosecutorial misconduct during the grand jury proceedings, but the affidavit was unsupported by other evidence, *see Beatrice Foods Co. v. United States,* 312 F.2d 29, 37, 39 (8th Cir.1963), *cert. denied,* 373 U.S. 904, 83 S.Ct. 1289, 10 L.Ed.2d 199 (1963), *see also United States v. Hintzman,* 806 F.2d 840, 843 (8th Cir. 1986); where the defendant's motion "relied upon ... an attack upon the use of hearsay," *see United States v. Smith,* 552 F.2d 257, 261 (8th Cir.1977); where the defendant made "a general plea that an inspection of the [grand jury] minutes might yield a ground" for a motion to dismiss, *see United States v. Harbin,* 585 F.2d 904, 907 (8th Cir.1978) *(per curiam),* *see also United States v. Knight,* 547 F.2d 75, 78 (8th Cir.1976) *(per curiam),* and *United States v. Harflinger,* 436 F.2d 928, 935 (8th Cir.1970), *cert. denied,* 402 U.S. 973, 91 S.Ct. 1660, 29 L.Ed.2d 137 (1971); and where "it was only conjecture that the minutes might reveal grounds for motions to dismiss," *see United States v. Ammons,* 464 F.2d 414, 417–18 (8th Cir.1972), *cert. denied,* 409 U.S. 988, 93 S.Ct. 343, 34 L.Ed.2d 253 (1972). Other circuits have found an insufficient showing in cases where counsel for the defendant stated "his 'understanding' that the grand jury which had returned the indictment was not the grand jury which had heard the witnesses" but offered no factual support for that " 'understanding,' " *see United States v. Fife,* 573 F.2d 369, 372 (6th Cir.1976), *cert. denied,* 430 U.S. 933, 97 S.Ct. 1555, 51 L.Ed.2d 777 (1977); where the defendant's "assertion of impropriety" in the grand jury proceedings, "based only on the speed with which the indictment was returned," was "mere speculation," *see United States v. Ferreboeuf,* 632 F.2d 832, 835 (9th Cir. 1980), *cert. denied,* 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 368 (1981); and where the defendant asserted that he had "no way of knowing whether prosecutorial misconduct occurred" without grand jury transcripts, *see United States v. Bennett,* 702 F.2d 833, 836 (9th Cir.1983).

In light of such case law, *see generally,* Annotation, *Accused's Right to Inspection of Minutes of Federal Grand Jury,* 3 A.L.R. Fed. 29, especially §§ 12–14 at 70–84 (1970), this court cannot find in good conscience that defendant Wood has made the requisite showing of the potential for the existence of grounds for a motion to dismiss the indictment. *See* Fed.R.Crim.P. 6(e)(3)(C)(ii).

### III.

■ To be entitled to disclosure of grand jury materials for purposes other than a motion to dismiss, presumably trial preparation in this case, a defendant must show a " 'particularized need' ... which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959), quoting *United States v. Procter and Gamble Co.,* 356 U.S. 677, 683, 78 S.Ct. 983, 987, 2 L.Ed.2d 1077 (1958). *See also Dennis v. United States,* 384 U.S. 855, 870–71, 875, 86 S.Ct. 1840, 1849, 16 L.Ed.2d 973 (1966); *United States v. Benson,* 760 F.2d 862, 864 (8th Cir.1985) *(per curiam),* *cert. denied,* 474 U.S. 858, 106 S.Ct. 166, 88 L.Ed.2d 137 (1985); *United States v. Bruton,* 647 F.2d 818, 823–24 (8th Cir.1981), *cert. denied,* 454 U.S. 868, 102 S.Ct. 333, 70 L.Ed.2d 170 (1981); and *United States v. Bass,* 472 F.2d 207, 210 (8th Cir.1973), *cert. denied,* 412 U.S. 928, 93 S.Ct. 2751, 37 L.Ed.2d 155 (1973). As a practical matter, many decisions treat the requirement of particularized need and the evaluation of a defendant's ability to show potential grounds for a motion to dismiss as essentially synonymous, although the opinions are not always explicit on this point. *See, e.g., United States v. Harbin,* 585 F.2d 904, 907 (8th Cir.1978) *(per curiam); United States v. Knight,* 547 F.2d 75, 78 (8th Cir. 1976) *(per curiam); United States v. Ammons,* 464 F.2d 414, 417–18 (8th Cir.1972), *cert. denied,* 409 U.S. 988, 93 S.Ct. 343, 34 L.Ed.2d 253 (1972); and *Beatrice Foods Co. v. United States,* 312 F.2d 29, 39 (8th Cir.1963), *cert. denied,* 373 U.S. 904, 83 S.Ct. 1289, 10 L.Ed.2d 199 (1963).

■ The court holds that under the prevailing law of the Eighth Circuit, defendant Wood has failed to show a particularized

need for the information relating to grand jury procedures and materials that he seeks. *See also* Annotation, *Accused's Right to Inspection of Minutes of Federal Grand Jury*, 3 A.L.R. Fed. 29, especially § 3(b) at 47–51, § 9(a) at 63–67, and § 10 at 69–70 (1970).

## IV.

Defendant Wood has moved, separately, for early disclosure of the pretrial statements and grand jury testimony of government witnesses. The court finds that, for the same reasons that access to the grand jury materials discussed above is denied, defendant Wood's request for these witness statements and testimony is denied.